UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CEPANE SARTY (2),<br>        Defendant. | Criminal Action No. 24-130-2 (CKK) |

**ORDER**
(March 29, 2024)

      Pending before the Court is Defendant's [9] Motion to Modify Conditions of Release ("Motion" or "Mot."). Defendant requests that the Court modify his pre-trial conditions of release to permit him to travel to Poland and Greece "for vacation and to visit family from June 6 to July 9[, 2024]." Mot. ¶ 3. Defendant explains that prior to his arrest, he and his family had planned this international travel and they have already "placed a significant amount of nonrefundable deposits on accommodations." *Id.* The Government opposes this request in its entirety, raising primarily risk of flight concerns. *See generally* Gov't's Opp'n to Def.'s Mot. to Amend Pretrial Release Conditions ("Gov't's Opp'n"), ECF No. 14.

      Under the Bail Reform Act, if certain determinations are made, a judicial officer can release a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include the condition that the person "abide by specific restrictions on . . . travel." *Id.* § 3142(c)(1)(B)(iv). A release order can be amended "at any time." *Id.* § 3142(c)(3).

      In February 2024, Magistrate Judge Zia Faruqui of this jurisdiction ordered Defendant to be released on conditions, including the requirement that this Court approve all travel outside the United States. *See* ECF No. 13 at 3. Defendant was not required to post bond, nor is he subject to home detention, a curfew, or GPS monitoring. *See id.* at 2. Defendant did surrender his passport to Pretrial Services, is supervised by Pretrial Services, and may not possess a firearm or use alcohol "excessively." *Id.* In addition, he may not use or unlawfully possess a "narcotic drug or other controlled substances." *Id.*

      With respect to Defendant's alleged conduct in this case, the Government raises serious

allegations. *See generally* Gov't's Opp'n. Specifically, the Government alleges that, on January 6, 2021, Defendant entered the Capitol Building and was "part of the mob as it overran law enforcement officers in the Crypt." *Id.* at 1. Defendant allegedly left the Capitol Building to then return through the East Rotunda Doors and enter the Rotunda. *Id.* The Government claims that Defendant "shoved the [law enforcement] officers" who were attempting to clear the Rotunda of the rioters. *Id.* In all, Defendant spent "approximately 42 minutes inside the Capitol Building." *Id.* at 2. For his alleged conduct on January 6, 2021, Defendant has been charged by indictment with one felony and seven misdemeanors. *See* Indictment, ECF No. 20.

As for the travel request itself, Defendant concedes that this travel is non-essential. *See* Mot. ¶ 3 ("[Defendant] and his family had planned a trip . . . for vacation and to visit family[.]"). Defendant does not claim that this trip is of particular significance, nor does he suggest that his family cannot participate in the vacation without him, thereby ensuring that some of the expenditures would not be wasted. In any event, Defendant can, presumably, plan another vacation and visit his family in Greece and Poland at a later date, when he is not facing serious criminal charges. *See* Indictment, ECF No. 20. Moreover, Defendant's international travel plans would require him to be away on vacation for approximately one month (4.5 weeks).[1] *See* Mot. ¶ 3 (trip is planned for June 6 to July 9, 2024). Defendant's criminal case would still be ongoing, with initial discovery expected to be produced forthwith—if not already—and additional discovery expected in the next few months. *See* Mar. 22, 2024 Minute Order. The Court expects that during this period Defendant would be reviewing discovery and either discussing a possible plea offer with his counsel, *see id.*, or assisting his counsel with trial preparation.[2] A month-long vacation in two foreign countries during this period would not be conducive in either circumstance.

In sum, the Court does not mean to suggest that spending quality time with family is not of importance. However, Defendant's pre-trial release conditions must "reasonably assure [his] appearance" in this case. 18 U.S.C. § 3142(c)(1)(B). While Defendant states that he has "lifelong family, personal and professional connections" in the United States, Def.'s Reply to Gov't's Opp'n to Request to Permit Foreign Travel, ECF No. 28, at 1, Defendant nonetheless has significant

---

[1] The cases Defendant cites in support of his request, *see* Def.'s Reply at 2–4, involved either more pressing travel needs (i.e., employment training) or a much shorter duration (approximately four to ten days).

[2] The Court notes that the next status hearing in this case would be held during Defendant's proposed vacation, on June 28, 2024. *See* Mar. 22, 2024 Minute Order. Although Defendant's counsel indicated that Defendant would have access to the Internet during this time, there is no guarantee.

connections in other countries (i.e., family) and faces serious criminal penalties in this case, *see* Gov't's Opp'n at 3 (noting Defendant faces a maximum sentence of 96 months (i.e., 8 years) for the felony charge alone).  As a result, the Court's concern regarding Defendant's risk of flight is not alleviated.  The Government's lack of recourse should Defendant violate his pre-trial conditions during this international trip, or not return to the United States to appear in court, weighs against granting Defendant's request.  Accordingly, the Court shall **DENY** Defendant's [9] Motion to Modify Conditions of Release.

**SO ORDERED.**

**Dated:** March 29, 2024

                                                  /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge